# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00579-RBJ-NYW

TORY C. HAMMOND,

    Plaintiff,

v.

DAVID NAGLE, and
R. ANDERSON,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant David Nagle's (or "Deputy Nagle") Motion to Dismiss (or "Motion"), filed November 26, 2018. *See* [#41]. The presiding judge, the Honorable R. Brooke Jackson, referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b) and Memorandum dated November 27, 2018 [#42]. This court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motion and associated briefing, the entire case file, and the applicable law, I respectfully **RECOMMEND** that Deputy Nagle's Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

    This court draws the following facts from Plaintiff's Amended Complaint [#18] and presumes they are true for purposes of the instant Motion.

    On March 9, 2018, Plaintiff Tory C. Hammond ("Plaintiff" or "Mr. Hammond") filed this civil action while incarcerated at the Boulder County Jail (the "jail"), asserting that jail personnel

violated his constitutional rights. *See* [#1]. On March 10, 2019, the Honorable Gordon P. Gallagher directed Plaintiff to file his Complaint on the court-approved complaint form, *see* [#3], which Plaintiff filed on April 9, 2018, *see* [#5]. Magistrate Judge Gallagher then directed Plaintiff to file an Amended Complaint, *see* [#9], which Plaintiff did on May 16, 2018, *see* [#11]. Per Magistrate Judge Gallagher's second Order, Mr. Hammond filed his Second Amended Complaint on June 20, 2018, *see* [#18], and the Honorable Lewis T. Babcock dismissed in part the Second Amended Complaint and drew Claims 1 and 5 to Judge Jackson and the undersigned Magistrate Judge, *see* [#20].

Claim 1 alleges that Defendant R. Anderson violated Plaintiff's Eighth Amendment Rights by driving "recklessly while in control and driving the transporting van that [Mr. Hammond] was being transported in." [#18 at 6, 7]. Mr. Hammond asserts that Defendant R. Anderson "ran a red light and jerked the van and caused [him] to fly into a crevice between the seat and the door as [he] was in cuffs and not in a seat belt." [*Id.*]. According to Mr. Hammond, this caused "major damage" to his back, including "pain, problems working, working out and sleeping," as well as serious pain when lying flat on his back. *See* [*id.*].

Claim 5 asserts that Defendant R. Anderson and Deputy Nagle violated his First and Eighth Amendment rights. Mr. Hammond first asserts that Defendant R. Anderson was removed from the "transport crew for recklessly driving [through] a red light and injuring [Plaintiff]," and then retaliated against Mr. Hammond by informing other inmates that Mr. Hammond was a child molester (which is allegedly untrue) so that the other inmates would assault Mr. Hammond. *See* [#18 at 11]. After Defendant R. Anderson allegedly spread this untrue rumor, the other inmates allegedly threatened and harassed Plaintiff. *See* [*id.* at 11-12]. Despite Plaintiff informing Deputy Nagle and other jail personnel of the harassment, Plaintiff alleges that these other inmates assaulted

2

him in his cell as he returned from lunch. *See* [*id.* at 12]. Moreover, Mr. Hammond alleges that a year later Defendants R. Anderson and Nagle knowingly placed Mr. Hammond back in the same unit as the inmates who assaulted him previously, and did nothing to separate Mr. Hammond from these other inmates. *See* [*id.*].

Defendant R. Anderson has yet to respond to the Second Amended Complaint, as service was returned unexecuted with the notation that Defendant R. Anderson no longer works with the Boulder County Sheriff's Office. *See* [#33]. Indeed, counsel for Deputy Nagle indicated that "it is unclear who Defendant R. Anderson is and whether or not this defendant has been served," but continued that "[i]f R. Anderson is identified as a current or former employee of the Boulder County Sheriff's Office, undersigned counsel anticipates the Boulder County Attorney's Office will represent him or her in this action." [#37 at 2 n.2]. To date, Defendant R. Anderson's identity remains unknown, and no further attempts to serve this defendant have been made.

Deputy Nagle, however, moved to dismiss Plaintiff's Second Amended Complaint on November 26, 2018, arguing that he is entitled to qualified immunity because Mr. Hammond cannot establish that Deputy Nagle violated a clearly established constitutional right. *See* [#41]. Plaintiff has since responded, including filing a Sur-Reply,[1] *see* [#45; #47], and Deputy Nagle has since replied, *see* [#46]. Deputy Nagle's Motion to Dismiss is now ripe for Recommendation, and I consider the Parties' arguments below.

---

[1] This court entered a Minute Order explaining that neither the Federal Rules of Civil Procedure nor this District's Local Rules of Civil Practice contemplate the filing of a surreply without leave of the court, and advised Mr. Hammond that this court would not strike his surreply on this occasion but warned that this court would summarily strike future surreplies filed without leave of the court. *See* [#48].

3

**LEGAL STANDARDS**

I.      Rule 12(b)(6)

Under Rule 12(b)(6) a court may dismiss a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that even pro se litigants cannot rely on conclusory, unsubstantiated allegations to survive a 12(b)(6) motion). Rather, "a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a Complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The ultimate duty of the court is to "determine whether the Complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

In applying the above legal principles this court is mindful that Mr. Hammond proceeds *pro se*. This court therefore affords Plaintiff's filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the court cannot and does not act as his advocate, *Hall*, 935 F.2d at 1110, and applies the same procedural rules and substantive law to Plaintiff as to a represented

party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir.2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**II.     Qualified Immunity**

The doctrine of qualified immunity protects government officials from individual liability for actions carried out while performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). To facilitate the efficient administration of public services, the doctrine functions to protect government officials performing discretionary actions and acts as a "shield from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the defendant's action. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Courts, however, have discretion to consider the prongs in either order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

When, as here, a defendant moves to dismiss a plaintiff's § 1983 claim on the basis of qualified immunity, "the plaintiff must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). Mr. Hammond's Second Amended Complaint need not contain <u>all</u> the necessary factual allegations to sustain a conclusion that Deputy Nagle violated clearly established law. *See Robbins*, 519 F.3d at 1249 (recognizing that such a heightened pleading standard is not required) (quoting *Breidenbach v. Bolish*, 126 F.3d

1288, 1293 (10th Cir. 1997)). The Second Amended Complaint needs to satisfy only the minimum pleading requirements as articulated in *Twombly* and discussed above. *Id*.

## ANALYSIS

I.  **Deputy Nagle**

Deputy Nagle argues that the Second Amended Complaint fails to state a claim against Deputy Nagle and similarly fails to establish that Deputy Nagle violated a clearly established constitutional right, entitling him to qualified immunity. *See* [#41]. I consider these arguments in turn.

*First*, the court agrees with Deputy Nagle that Mr. Hammond fails to allege that Deputy Nagle informed the other inmates that Mr. Hammond was a child molester (indeed Mr. Hammond's complaint specifically places the blame on Defendant R. Anderson), which may give rise to an Eighth Amendment failure to protect claim. *See Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (concluding that it was clearly established that labeling an inmate a "snitch" could give rise to an Eighth Amendment claim); *accord Brown v. Narvais*, 265 F. App'x 734, 736 (10th Cir. 2008) ("We hold only that allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards."). And personal participation is essential to any § 1983 claim. *See Stidham v. Peace Officer Standards and Training,* 265 F.3d 1144, 1156-57 (10th Cir. 2001). Thus, I respectfully **RECOMMEND** that any Eighth Amendment claim for informing other inmates that Mr. Hammond was a child molester be **DISMISSED** as to Deputy Nagle.

But this court interprets Claim 5 as encompassing more than just the rumor Defendant R. Anderson spread that allegedly resulted in Plaintiff's assault. Rather, Mr. Hammond makes

6

specific allegations that after the rumor spread and he received threats, he informed Deputy Nagle of the threats and harassment but to no avail as the other inmates eventually assaulted him. *See* [#18 at 11 ("I told deputy Nagle Deputy [sic] . . . that the two inmates . . . were still making threats to me"), 12 ("Deputy Nagle . . . put me in harm because I informed [him] all of the situation that I was being exhorted, harassed and threatened to the point [w]here I was jumped by two inmates and badly beaten.")]. Claim 5 continues that a year later, upon Mr. Hammond's return to the jail, Deputy Nagle (among others) "put [Plaintiff] back into the same pod with some of the same inmates" that threatened and harassed Mr. Hammond previously, which placed Mr. Hammond back in a dangerous situation. *See* [*id.* at 12].

The Eighth Amendment protects prisoners from substantial risks of violence at the hands of other inmates. *See Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2008). "To state an Eighth Amendment claim for failure to protect, 'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Savage v. Fallin*, 663 F. App'x 588, 592 (10th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Further, Mr. Hammond must show that Defendants knew of the substantial risk of serious harm yet disregarded that risk. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). Taking the allegations as set forth above as true and drawing all inferences in favor of Plaintiff, I find that Mr. Hammond has sufficiently alleged an Eighth Amendment failure to protect claim against Deputy Nagle.

***Second***, Deputy Nagle argues that he enjoys qualified immunity because no Tenth Circuit or Supreme Court precedent "establishes individual liability against jail personnel under the circumstances described in the Complaint. And, Tenth Circuit precedent indicates that no liability exists where the Defendant did not make the harmful disclosure him or herself." [#41 at 4]. While this court agrees that Deputy Nagle cannot be responsible for Defendant R. Anderson's action in

7

spreading the rumor about Mr. Hammond, Deputy Nagle does not raise qualified immunity as to Mr. Hammond's failure to protect claim and I find that Deputy Nagle is not entitled to such a defense at this stage.

"For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (brackets, citation, and internal quotation marks omitted). A plaintiff may satisfy this burden "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Washington*, 847 F.3d at 1197 (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted)). But a plaintiff need not provide case law that is factually identical to his case if the constitutional violation is "obviously egregious . . . in light of prevailing constitutional principles," *A.M. v. Holmes*, 830 F.3d 1123, 1135-36 (10th Cir. 2016), and the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has noted that a defendant may be on notice that her conduct violates clearly established law even in novel factual circumstances, *see Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007).

Drawing on these principles, the Tenth Circuit recently expounded on the parameters of establishing a clearly established right:

> A constitutional right is clearly established when a Tenth Circuit precedent is on point, making the constitutional violation apparent. This precedent cannot define the right at a high level of generality. Rather, the precedent must be particularized to the facts. But even when such a precedent exists, subsequent Tenth Circuit cases may conflict with or clarify the earlier precedent, rendering the law unclear.
>
> A precedent is often particularized when it involves materially similar facts. But the precedent may be adequately particularized even if the facts differ, for general precedents may clearly establish the law when the defendant's conduct obviously

violates the law. Thus, a right is clearly established when a precedent involves materially similar conduct or applies with obvious clarity to the conduct at issue.

By requiring precedents involving materially similar conduct or obvious applicability, we allow personal liability for public officials only when our precedent puts the constitutional violation beyond debate. Thus, qualified immunity protects all officials except those who are plainly incompetent or those who knowingly violate the law.

*Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (internal brackets, citations, and quotation marks omitted); *see also Lowe v. Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (discussing what constitutes clearly established law). Again, it is Mr. Hammond's burden to allege enough facts (taken as true) that Deputy Nagle violated Plaintiff's clearly established constitutional rights. *See Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). I find he has done so.

"The Supreme Court and the Tenth Circuit have repeatedly and unequivocally established an inmate's Eighth Amendment right to be protected from substantial risks of sexual assault [and threats of violence] by fellow prisoners." *Howard v. Waide*, 534 F.3d 1227, 1242 (10th Cir. 2008) (citing *Farmer*, 511 U.S. at 833-34; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005); *Ramos v. Lamm*, 639 F.2d 559, 572 (10th Cir.1980) ("[A]n inmate does have a right to be reasonably protected from constant threats of violence and sexual assaults from other inmates."). *See also Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) ("We also acknowledge that a prison official's failure to protect an inmate from a known harm may constitute a constitutional violation."). Accordingly, I conclude that Mr. Hammond sufficiently alleges a violation of a clearly established right, and respectfully **RECOMMEND** that Deputy Nagle's Motion to Dismiss be **DENIED** as to a failure to protect claim against Deputy Nagle.

## II.     Defendant R. Anderson

As mentioned, Defendant R. Anderson has yet to be identified or served. Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served within 90 days after the

complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The docket reflects that the Clerk of the Court issued Summonses for service on Deputy Nagle and Defendant R. Anderson by the United States Marshals Service on August 31, 2018. *See* [#21; #21-1; #21-2].

On October 12, 2018, the Summons for Defendant R. Anderson was returned unexecuted, indicating that Defendant R. Anderson no longer works at the jail. *See* [#33]. While counsel for Defendant Nagle appears uncertain about identifying Defendant R. Anderson [#37 at 2 n.2], this court notes that the Return of Service does not indicate that the individual was not able to be identified, but rather no longer worked at that Boulder Jail. [#33]. In addition, Plaintiff's Amended Complaint identified another deputy, A. Boton, who was allegedly a witness to Defendant R. Anderson's actions. Thus, defense counsel should use this information and reasonable efforts to identify Defendant R. Anderson. To the extent Defendant R. Anderson is a former employee of the jail, this court hereby **ORDERS** counsel for Deputy Nagle to provide the court with Defendant R. Anderson's full name and last known address[2] **on or before March 1, 2019**, given counsel's representation that "[i]f R. Anderson is identified as a current or former employee of the Boulder County Sheriff's Office, undersigned counsel anticipates the Boulder County Attorney's Office will represent him or her in this action." [#37 at 2 n.2]. **To the extent counsel cannot identify Defendant R. Anderson and Mr. Hammond also cannot do so, this court may recommend dismissal of Defendant R. Anderson without prejudice for failure to properly serve under Rule 4(m).**

---

[2] If counsel is successful in identifying Defendant R. Anderson, counsel shall file the requested information on the court's docket under Level 3 Restriction so that the United States Marshals Service may attempt service on Defendant R. Anderson.

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1) Deputy Nagle's Motion to Dismiss [#41] be **GRANTED IN PART and DENIED IN PART**; and

(2) Claim 5 be **DISMISSED** as to Deputy Nagle to the extent it asserts an Eighth Amendment violation based on Defendant R. Anderson's rumor, but that Claim 5 **REMAIN** as to Deputy Nagle to the extent it asserts a failure to protect claim against Deputy Nagle.[3]

**IT IS FURTHER ORDERED** that:

(1) To extent Defendant R. Anderson was a former employee of the jail, counsel for Deputy Nagle shall provide the court with Defendant R. Anderson's full name and last known address, filed under Level 3 Restriction, **on or before March 1, 2019**; and

(2) A copy of this Order shall be sent to:

Tory C. Hammond

---

[3] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Boulder County Jail
3200 Airport Road
Boulder, CO 80301-2226


DATED: February 15, 2019                    BY THE COURT:

                                            _____
                                            Nina Y. Wang
                                            United States Magistrate Judge