# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
## Judge Daniel D. Domenico

Case No. 1:18-cv-00579-DDD-NYW

TORY CLAY HAMMOND,

 Plaintiff,

v.

DAVID NAGLE, and
REGGIE ANDERSON,

 Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff Tory Hammond, an inmate in the Colorado Department of Corrections, alleges cruel and unusual punishment and retaliation by Defendants David Nagle and Reggie Andersen, corrections officers.[1] He has, however, failed to controvert Defendants' version of the facts, as presented in their motion for summary judgment. Under the only version of facts available, Mr. Hammond is not entitled to relief. The motion (Doc. 145) is therefore **GRANTED**.

Two claims remain in this case. In count one, Mr. Hammond claims that his Eighth Amendment rights were violated when Deputy Reggie Andersen recklessly drove a van in which Mr. Hammond was being transported, causing him to be thrown into the crevice between

---

[1] The caption of the case spells the deputy's last name "Anderson." The court uses the spelling Deputy Andersen used in his motion for summary judgment.

the seat and the van and injuring his back. In count five, he alleges Deputy Andersen was removed from the transport crew because of the incident with the van, and thereafter Deputy Andersen spread a false rumor that Mr. Hammond was a child molester. Mr. Hammond alleges that he was threatened and harassed by other inmates as a result, but despite informing Deputy David Nagle and other jail personnel of the harassment, he was assaulted in his cell. In addition, he alleges that a year later Deputies Andersen and Nagle knowingly put Mr. Hammond back in the same unit as the inmates who assaulted him previously and did nothing to separate him from those inmates. (*See* Order, Doc. 88, at 1–2 (summarizing remaining claims).)

Mr. Hammond, who proceeds pro se, has not supported either claim with record evidence, as he must, in order to avoid summary judgment:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). Mr. Hammond has failed to abide by this rule.[2] And

---

[2] After receiving two extensions of time, Defendants filed the Motion for Summary Judgment on June 10, 2020. (*See* Docs. 141–45.) On June 25, Mr. Hammond moved for an additional, unspecified amount of time to file his response. (Doc. 147.) On June 29, Magistrate Judge Wang granted him through July 29. (Doc. 150.) No response has been filed.

although a pro se litigant is to be held to a less stringent standard than a represented party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). Thus, the court cannot take on the responsibility of serving as the litigant's attorney. *See Hall*, 935 F.2d at 1110 ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Defendants tell a different, and properly supported, story. (*See generally* Mot. for Summ. J. and Exhibits, Docs. 145 and attachments.) On January 17, 2017, Deputy Andersen and Deputy Chaslyn Foster transported Hammond and five other inmates to the Boulder County Jail ("Jail") from the Boulder County Justice Center. (Mot. ¶ 1.)[3] Pursuant to Jail policy, the journey was captured on video. (*Id.* ¶¶ 2–4.) Mr. Hammond, who wore a seatbelt and restraints, remained seated in an upright position throughout the duration of the transport; he wasn't disrupted or jostled out of place, and the van makes no sudden stops or other sudden movements. (*Id.* ¶¶ 5–9.) He didn't move from his seat except to exit the vehicle on arrival at the Jail. (*Id.* ¶ 10.)

Under Jail policy, Jail personnel are required to document incidents that are outside the routine operations of the Jail. So, when he learned that Hammond had made complaints to another deputy alleging

---

[3] Citations to paragraphs in the Motion for Summary Judgment are with reference to the Statement of Undisputed Material Facts. (*See* Mot. at 2–6.) The court has also reviewed the materials on which the Statement relies and finds that the statement accurately reflects the cited materials.

that he had been injured during the transport, Deputy Andersen entered an Incident Report in the Jail's electronic records management system that "there were no irregularities in the driving conditions" and that he "arrived to the jail without incident." (*Id.* ¶¶ 11–12.) Deputy Anderson did not spread a rumor about Mr. Hammond regarding any topic, including that Mr. Hammond was a child molester, to any other inmates. (*Id.* ¶ 14.) He did not ask, request, or solicit other inmates to kill or beat Mr. Hammond. (*Id.* ¶ 15.)

On February 22, 2017, following recreation, an altercation occurred between Mr. Hammond and inmate Jimmie Bazor. (*Id.* ¶ 19.) Immediately after, Deputy Nagle observed another inmate standing outside Mr. Hammond's cell. (*Id.* ¶ 20.) Following the altercation, Jail personnel moved Hammond to the Medium Module, moved inmate Bazor to the Disciplinary Module, and referred Bazor for a disciplinary hearing. (*Id.* ¶ 21.) Mr. Hammond was subsequently released, but he returned to the Jail on January 15, 2018. (*Id.* ¶¶ 23, 26.) In January 2018, a Classifications Officer, Patrick Wascak, classified Hammond for housing in the Max Module based on his history and in accordance with Jail policy. Deputy Nagle was not involved in the decision to house Mr. Hammond in the Max Module when he returned to the Jail and, by then, Deputy Anderson had voluntarily resigned, so he wasn't involved in the decision either. (*Id.* ¶¶ 22, 27, 28.)

Mr. Hammond's two remaining claims allege violations of the First and Eighth Amendments against Deputy Andersen and a violation of the Eighth Amendment against Deputy Nagle. (*See* Recommendation, Doc. 49; Order, Doc. 88.)[4] Defendants move for summary judgment on

---

[4]    As Defendants point out, although Hammond's fifth claim for relief does not specifically invoke the First Amendment, his allegations that Deputy Andersen told other inmates that Hammond was a child

qualified immunity grounds. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (Qualified immunity is a defense that "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law."); *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016) ("Once an individual defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct.").

Because Mr. Hammond has failed to respond to Defendants' motions, much less in a manner compliant with Federal Rule of Civil Procedure 56(c), there are no legitimate factual disputes and no evidence that, even construed in the manner most favorable to Mr. Hammond, either defendant committed a constitutional violation. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Regarding the first claim, relating to his transport, Mr. Hammond, who was moved without incident, never experienced "excessive risk" to his health or safety. *See id.* at 837. Nor did Deputy Andersen drive recklessly or perform any other action indicative of deliberate indifference.

---

molester with the knowledge that those inmates would harass or extort Mr. Hammond based on this fact, in retaliation for Mr. Hammond's complaining about the transport, could be construed as a First Amendment retaliation claim.

- 5 -

Defendants are also not liable under claim five, whether it is construed as a failure-to-protect claim in violation of the Eighth Amendment (*see* Recommendation, Doc. 49, at 7; Order, Doc. 88, at 5) or a retaliation claim in violation of the First Amendment (*see* Mot., Doc. 145, at 12–13). Deputy Andersen, as he states by affidavit, was unaware of Mr. Hammond's criminal history or charges and did not spread any rumors pertaining to Hammond to other inmates, foreclosing retaliation.[5] *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007) (reporting that a retaliation claim requires, among other elements, adverse action and causation). There are also no facts from which a reasonable factfinder could conclude that either defendant failed to protect him. In fact, the available facts show that officers took steps to separate Mr. Hammond from his attackers after learning of the altercation. And neither defendant made the decision to send Mr. Hammond back to the Max Module when he returned to the Jail.

Because Mr. Hammond has produced no evidence in support of any of his claims, and the only record evidence demonstrates that Defendants are not liable, the motion for summary judgment (Doc. 145) is **GRANTED**. The clerk's office shall serve a copy of this order on Mr. Hammond.

Dated: August 11, 2020.        BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

---

[5] Nor was Deputy Andersen disciplined in any way because of the prisoner transport, which means he would not have had any motive to retaliate against Mr. Hammond.